**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| **ZACHARY McMACKIN,** | **Case No. 08 C 50153** |
| **Plaintiff,** | **Magistrate Judge** |
| | **P. Michael Mahoney** |
| **vs.** | |
| **OFFICER SCOTT CRAWFORD, POLICE CHIEF LARRY MASON, OFFICER KELLY GIVEN, and THE CITY OF MARENGO,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff has sued individual police officers and the City of Marengo under various theories arising from Plaintiff's arrest. Regarding the individual officers, Plaintiff alleges excessive force in violation of Plaintiff's constitutional rights. Plaintiff also alleges battery under Illinois tort law. Regarding the City of Marengo, Plaintiff brings a *Monell* claim as to the city's customs, policies, and practice, and state tort claims alleging the reckless hiring and retention of Officer Crawford.

### II. BACKGROUND

On July 24, 2008, Judge Kapala entered an order bifurcating and barring discovery and trial as to the second and third elements of Plaintiff's *Monell* claim. Also, Judge Kapala entered the following stipulation:

1

The City [of Marengo] agrees to entry of judgment against it for compensatory damages for an amount against an individual Defendant Officer if, and only if, the finder of fact in this case finds that the individual Defendant Officer violated any individual Plaintiff's constitutional rights as alleged in Plaintiffs' Second Amended Complaint. For this purpose and in this case only, The City of Marengo specifically waives its rights under *Monell*, 436 U.S. 658, not to be held liable for damages under § 1983 without proof that The City, by its policy custom or practice, and with the requisite degree of culpability, caused the alleged constitutional violation. If such a constitutional violation is found, The City agrees to entry of a judgment against it for compensatory damages based on the constitutional violation alone, not upon any alleged "custom, policy or practice".

*Gaughan et al. v. Crawford et al.*, No. 05-C4664, at 4 (N.D. Ill. July 24, 2008). Judge Kapala reasoned that bifurcating the *Monell* claims, and barring discovery and trial on the last two prongs of those claims, would "promote the goals of judicial economy, expediency, and convenience." *Id*. at 4.

In furtherance of the reckless hiring and retention state tort claims, on November 26, 2008, Plaintiff served subpoenas for depositions of individuals who were members of the Marengo Fire and Police Commission at the time Officer Crawford was hired. Defs.' Mot. to Stay at 2; Pl. Resp. at 1. Defendants object to the subpoenas, claiming that the discovery is the exact same as that barred by Judge Kapala's Order and the entered stipulation. Defs.' Mot. to Stay at 2. Defendants concede that the stipulation entered by Judge Kapala only addresses the *Monell* claims, and that failing to include a stipulation to the state claims of reckless hiring and retention was an "oversight by defense counsel." *Id*. To correct this oversight, Defendants have moved the court to bar the depositions sought by Plaintiff and any other depositions related to the *Monell* and pendant state tort claims against the City of Marengo, and to enter the Amended Stipulation, which adds the following paragraph as Paragraph Six to the otherwise identical stipulation entered by Judge Kapala:

In as much as the City has admitted that the officers were, at all times relevant, acting within the scope of their employment, in the event that a verdict for compensatory damages is entered against the officers on the pendant state claims, the City agrees and stipulates to a judgment being entered against it in the amount of the award of compensatory damages and in favor of the Plaintiffs. The City does not stipulate to an award of punitive damages against it as punitive damages may not be awarded against the City under state law.

*Id*. at 4.[1]  Alternatively, Defendants seek leave to withdraw their Answer and Affirmative

Defenses and to file a Motion to Dismiss the state law claims based upon 745 ILCS 10/2-201

immunity.  Defs.' Mot. at 3.

## II. DISCUSSION

Under *Monell*, a plaintiff may maintain an action against a municipality under 42 U.S.C.

§ 1983 if he can show three elements: (1) the deprivation of a constitutional right, (2) that action

that deprived the plaintiff of his constitutional right was taken pursuant to a custom, policy or

practice of the local government unit, and (3) that such action was the cause of the deprivation.

*Monell v. Dep't of Soc. Servs. Of New York*, 436 U.S. 658, 692 (1978).  To serve the goals of

judicial economy, expediency, and convenience, Judge Kapala barred discovery related to the

last two prongs of Plaintiff's *Monell* claim.

The state law claims operate in the same fashion.  "An action for [reckless or] negligent

hiring or retention of an employee requires the plaintiff to plead and prove (1) that the employer

knew or should have known that the employee had a particular unfitness for the position so as to

---

[1]Judge Kapala, in his July 24, 2008 Order, entered the Defendants' proposed stipulation with one alteration: he changed the word "each" in the fourth line of the fifth paragraph to "any." *Gaughan et al. v. Crawford et al.*, No. 05-C4664, at 4 (N.D. Ill. July 24, 2008).  The Defendants' proposed Amended Stipulation does not reflect Judge Kapala's alteration, as the word "each" remains.  The court takes this as another oversight on the part of defense counsel, and considers the Amended Stipulation to reflect Judge Kapala's alteration.

create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311, 705 N.E.2d 898, 904 (Ill. 1998). Employers do not assume liability merely because an employee is unfit; rather, employers are subject to liability only if the employee has a particular unfitness that proximately caused a plaintiff's injury. *Guillermo v. Brennan*, 691 F. Supp. 1151, 1158 (N.D. Ill. 1988) (citing *Fallon v. Indian Trail School*, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101, 103–04 (Ill. App. Ct. 1986)).

For the negligent hiring and retention claims, the City of Marengo proposes to stipulate to compensatory liability upon a finding that an individual police officer is liable of an underlying state tort, thereby eliminating the need for any discovery related to the City of Marengo. According to Defendants, the Amended Stipulation is appropriate because proof that the employee committed an underlying tort is required by law to establish a claim for reckless or negligent hiring or retention against the employer. Defs.' Mot. to Stay at 3. If this proposition is accurate, then Defendants' proposed Amended Stipulation limits discovery in the same manner that the previous stipulation limited discovery, and entering it would serve the same goals identified by Judge Kapala in his July 24, 2008 Order.

The Illinois Supreme Court has not explicitly decided whether employee liability for an underlying tort is required to hold an employer liable for reckless or negligent hiring or retention. But, in evaluating whether a plaintiff's claims for negligent hiring and retention could proceed alone after an underlying claim of sexual harassment had been dismissed based on a jurisdictional bar implemented by the Illinois Human Rights Act, the state supreme court held

4

that claims for negligent hiring and retention were so inextricably linked to the underlying sexual

harassment claim that the claims for negligent hiring and retention were also barred by the

Illinois Human Rights Act. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 516–17, 639

N.E.2d 1273, 1277 (Ill. 1994) (stating that the "notion that Phoenix's liability [for negligent

hiring or retention] is not based on the prohibitions against sexual harassment is belied by the

allegations of Geise's complaint"). In *Geise*, the state supreme court went so far as to state that

"[a]bsent the allegations of sexual harassment, Geise would have no independent basis for

imposing liability on her former employer" under a theory of negligent hiring or retention. *Id*. at

517 (stating that Geise's claims for negligent hiring and retention were "grounded on principles

of sexual harassment").

In *Maksimovic v. Tsogalis*, the Illinois Supreme Court elaborated on the *Geise* holding,

stating, "This court observed that, but for the [Illinois Human Rights] Act's proscription against

sexual harassment, the plaintiff would have no legally cognizable claim against her employer."

*Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 516, 687 N.E.2d 21, 23 (Ill. 1997). The state supreme

court continued,

> Although the plaintiff in *Geise* dressed her claims as "negligent hiring" and
> "negligent retention," the allegations of negligence of the part of the employer were
> premised on the allegation that the employer hired and retained a manager who
> engaged in sexual harassment. Absent the [Illinois Human Rights] Act's prohibition
> of sexual harassment, the employer's hiring and retention of an employee whose
> conduct created a hostile work environment would not have been an actionable tort.
> That is to say, in *Geise* the [Illinois Human Rights] Act furnished the legal duty that
> the defendant was alleged to have breached.

*Id*. at 516–17 (internal citations omitted).

The legal principle that there must exist an underlying tort for an employer to be liable

for negligent hiring or retention is analogous to the principle set forth in *Geise* and *Maksimovic*.

In *Geise*, the Illinois Human Rights Act created a cause of action for sexual harassment. Only after the elements of sexual harassment were satisfied against an employee did the claim for negligent hiring and retention materialize against the employer.

In this case, common law principles set forth the elements of battery. Just as the elements of sexual harassment were required for a claim of negligent hiring or retention in *Guise*, the elements of an underlying tort must too be proved in this case before Plaintiff may proceed with a claim for negligent hiring or retention.

This principle also appears in the Illinois appellate courts. In *Martin v. Yellow Cab Co.*, the first district found that because the record did not reflect that a cab driver committed an intentional tort or criminal act, the plaintiff could not recover under a negligent hiring or retention theory against the cab company. *Martin v. Yellow Cab Co.*, 208 Ill. App. 3d 572, 578, 567 N.E.2d 461, 466 (Ill. App. Ct. 1990) (citing the third district opinion, *Prince v. Atchison, Topeka, and Sante Fe Ry. Co.*, 95 Ill. App. 3d 856, 857–58, 420 N.E.2d 737, 738–39 (Ill. App. Ct. 1981) (finding that Illinois courts follow the majority rule regarding claims for negligent hiring and retention, which requires either an intentional tort or criminal activity on the part of the employee for the employer to be liable)); *see also Harrison et al. v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 884 (7th Cir. 1992) (quoting *Martin v. Yellow Cab Co.*, "[A]n employer is liable for hiring and retaining unfit and incompetent employees . . . where there has been an intentional tort or criminal conduct by the employee"). *But see Cutter v. Town of Farmington*, 126 N.H. 836, 498 A.2d 316 (N.H. 1985) (holding that, under New Hampshire law, a claim for negligent hiring, training, and supervision does not require a finding that an underlying tort was committed).

Illinois case law has evolved to require the existence of an underlying tort for a plaintiff to establish a claim of reckless or negligent hiring or retention. Accordingly, the City of Marengo's stipulation to entry of judgment for compensatory damages in an amount equal to the judgment of compensatory damages entered against an individual defendant officer upon a finding of liability regarding a state tort claim is legally correct and consistent with Illinois law.[2] Entering the Amended Stipulation and stay of discovery, thereby requiring discovery only as to the underlying tort, is consistent with Defendants' first stipulation and Judge Kapala's July 24, 2008 Order. Both stipulations narrow the discovery in such a way as to achieve the goals of judicial economy, expediency, and convenience.

### III. CONCLUSION

The court orders a stay on discovery relating to Plaintiff's claims for reckless hiring and retention against the City of Marengo pending entry of the Amended Stipulation by Judge Kapala. The City of Marengo is instructed to submit the appropriate Amended Stipulation to Judge Kapala by March 24, 2009.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE:      March 10, 2009

---

[2]The court notes that the Amended Stipulation is also correct that the City of Marengo cannot be found liable for punitive damages. 745 ILL. COMP. STAT. 10/2-102 (2009).